PERLMAN et al. v. EHRLICH et al.

(Supreme Court, Appellate Term. November 30, 1909.)

1. EVIDENCE (§ 461*)—PAROL EVIDENCE—CONTRACT OF GUARANTY.

Where it was doubtful whether a letter was intended to be more than a continuing guaranty to the amount of $500, and to cover goods selected in excess of that amount, or whether it expired upon the first payment of $500, parol evidence to show the intent of the parties was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. GUARANTY (§ 91*)—EXTENT OF LIABILITY—EVIDENCE.

Evidence *held* to show that a guaranty of the account of a person had been exhausted, and did not cover a sale for which recovery under the guaranty was sought.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 91.*]

Appeal from City Court of New York, Trial Term.

Action by Hirsch Perlman and another against Ferdinand Ehrlich and another. From a judgment for plaintiffs, and an order denying a new trial, defendants appeal. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Hirsch, Scheuerman & Limberg (Morris J. Hirsch and Henry L. Scheuerman, of counsel), for appellants.

Bogart & Bogart, for respondents.

SEABURY, J. The letter of the defendants was a continuing guaranty as to amount. I think this clearly appears from the terms of the

letter. Whether it was intended to be more than this, and to cover goods selected in excess of $500, or whether it expired upon the first payment of $500, was doubtful. The clause in the letter which provides that "we must be notified of any bill which Mr. Lúcrec pays, when his bills become due," indicates that it was not intended to be limited to any particular transaction. I think, however, that the matter was sufficiently doubtful to justify the reception of parol evidence to show the intent of the parties. The practical construction which the parties themselves put upon the contract was important and significant. The court, therefore, properly admitted in evidence the letters of the plaintiffs, dated September 22d and October 24th. The letter of September 22d stated:

"We inclose herein duplicate bill of leather sold * * * under your guaranty—60 days net. As we understand it, this completes your guaranty."

The letter of October 24th declares:

"We have yours 24th inclosing your check $250 as part payment of the guaranty given by you for the account of J. Lucrec, amounting to $500."

The bill of goods for which the plaintiff now seeks to recover under the guaranty was sold October 26th. In the light of this evidence, I think it clear that the guaranty did not cover the goods sold on that date. It was error for the court to leave the construction of the contract of guaranty to the jury. It was the duty of the court, upon the evidence before it at the close of the case, to hold that the guaranty did not cover the bill of goods sold on October 26th, and to have dismissed the complaint.

Judgment reversed, and complaint dismissed, with costs. All concur.